IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Case No. CR-09-212-D |
| COURTNEY JAMES VAN RIPER, JR., | ) | |
| Defendant. | ) | |

**O R D E R**

This matter comes before the Court upon a motion filed *pro se* by Defendant Courtney James Van Riper, Jr. pursuant to 18 U.S.C. § 3583(e)(1), entitled "Petition to Terminate the Remainder of the 3-year Term of Supervised Release" [Doc. No. 61]. More recently, Defendant has filed a second, "Renewed Motion to Terminate the Remainder of the 3-year Term of Supervised Release and Request for Final Determination" [Doc. No. 67]. The government has responded in opposition to the Petition/Motion, by asserting it contradicts a waiver of rights in Defendant's plea agreement.

On October 7, 2009, Defendant entered a guilty plea to Count 1 of the Indictment, which charged him with being a felon in possession of firearms in violation of 18 U.S.C. § 922(g)(1). He was sentenced on March 5, 2010, to a 35-month term of imprisonment followed by a three-year term of supervised release. Defendant was released from confinement on December 15, 2011, and has completed the first year of supervised release. He asks the Court to terminate the remaining term and discharge him from federal supervision so that he can relocate to Arizona due to his health conditions and a more favorable climate for his chronic obstructive pulmonary disease (COPD); he would remain subject to a five-year term of supervised probation imposed by an Arizona court in January, 2012.

Defendant pled guilty to Count 1, and received a dismissal of Counts 2 and 3, pursuant to a plea agreement with the government, which provides in pertinent part as follows:

> [D]efendant in exchange for the promises and concessions made by the United States in this plea agreement, knowingly and voluntarily waives his right to:
>
>    \*      \*      \*
>
>    b.    Appeal, collaterally challenge, or move to modify under 18 U.S.C. § 3582(c)(2) <u>or some other ground</u>, his sentence as imposed by the Court and the manner in which the sentence is determined, provided the sentence is within or below the advisory guideline range determined by the Court to apply to this case. . . .

*See* Plea Agreement [Doc. No. 22], ¶ 8 (emphasis added). The government moves to enforce this waiver, and dismiss the Petition/Motion, because Defendant is seeking a modification of his sentence by asking, in essence, to reduce the three-year term of supervised release to less than two years.

By its plain terms, Defendant's waiver precludes him from filing a motion to modify his sentence under § 3582(c)(2) – which authorizes a reduction based on amendments to the Sentencing Guidelines – or some other ground. Section 3583(e)(1) provides another ground for obtaining relief from the sentence originally imposed, and a motion under this provision is similarly barred by Defendant's agreed waiver of the right to seek collateral relief from his sentence.

The court of appeals has held that a waiver of appeal or collateral relief is enforceable if: (1) the disputed issue falls within the scope of the waiver of rights; (2) the defendant knowingly and voluntarily waived his rights; and (3) enforcing the waiver does not result in a miscarriage of justice. *See United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc). Because supervised release is part of Defendant's sentence, which he seeks to modify through early termination, the instant Petition/Motion falls within the scope of Defendant's waiver. As to the second *Hahn*

2

requirement, Defendant "bears the burden to demonstrate that his waiver was not knowing and voluntary." *See United States v. Sandoval*, 477 F.3d 1204, 1207 (10th Cir. 2007). Here, Defendant does not challenge the voluntariness of his waiver. He instead asserts that enforcing it under the present circumstances would result in a miscarriage of justice because 1) requiring him to remain in Oklahoma, where environmental conditions exacerbate his COPD, inflicts unjust punishment that could be avoided simply by permitting him to relocate to Arizona, where he will be supervised by state probation officers; 2) his 35-month prison sentence was "illegal" due to an incorrect guidelines calculation; and 3) he received ineffective assistance of counsel because his attorneys refused to challenge the incorrect calculation. *See* Def.'s Reply Br. [Doc. No. 65] at 3-5.

Defendant's arguments misconstrue the third *Hahn* requirement. According to the Tenth Circuit, miscarriage of justice "has a narrow meaning in this context" and "it would arise only when

> 1) the district court relied on an impermissible factor such as race; 2) ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid; 3) the sentence exceeds the statutory maximum; or 4) the waiver is otherwise unlawful."

*Sandoval*, 477 F.3d at 1208 (quoting *United States v. Maldonado*, 410 F.3d 1231, 1233 (10th Cir. 2005); internal quotation omitted).[1] In this case, Defendant does not contend any of these circumstances is present. Therefore, the Court finds Defendant's waiver is enforceable and should result in the dismissal of his Petition/Motion.

---

[1] "For the waiver to be invalid on the ground of unlawfulness, the unlawfulness must 'seriously affect the fairness, integrity or public reputation of judicial proceedings.'" *Id*. (quoting *Hahn*, 359 F.3d at 1327). The inquiry regarding the fourth circumstance is "not whether the sentence is unlawful, but whether the waiver itself is unlawful because of some procedural error or because no waiver is possible." *See id*.; *see also United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005).

In any event, the Court has discretionary authority to terminate the remainder of Defendant's supervised release term, after considering certain § 3553 factors, if "satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *See* 18 U.S.C. § 3583(e)(1); *see also Rhodes v. Judiscak*, 676 F.3d 931, 933 (10th Cir. 2012). The Court believes that, at this time, the interest of justice is served by enforcing Defendant's plea agreement.

Recognizing that the Court "may find it necessary to reject the motion to terminate supervised release as contrary to the plea agreement," Defendant makes an alternate request that the Court issue an order "directing that the probation department extend the travel limits of the Western District of Oklahoma to include the District of Arizona" so he may escape climatological conditions in Oklahoma. *See* Def.'s Reply Br. [Doc. No. 65] at 6. This is possible, he argues, because he has completed the requirement of in-person monthly reporting to the United States Probation Office and now submits written reports electronically.

The Court lacks authority to grant Defendant's request to extend the geographical limits of his supervised release. For a person on supervised release to relocate to another district, a transfer of jurisdiction must occur pursuant to 18 U.S.C. § 3605. Further, there are procedures in place through the Probation Office for a supervised person to request permission to relocate to another jurisdiction. Thus, the relief Defendant truly seeks – relocation to Arizona – may be available without terminating his supervised release term. Defendant would be better served by working cooperatively with the Probation Office rather than seeking relief from his sentence. Barring any issues of non-compliance with Defendant's conditions of release, this Court would not object to the processing of a transfer of jurisdiction supported by the Probation Office.

IT IS THEREFORE ORDERED that Defendant's Petition to Terminate the Remainder of the 3-year Term of Supervised Release [Doc. No. 61] and Renewed Motion to Terminate the Remainder of the 3-year Term of Supervised Release [Doc. No. 67] are DENIED.

IT IS SO ORDERED this 8th day of April, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE